Argued and submitted October 16, 1987, affirmed March 9, reconsideration denied April 22, petition for review denied May 24, 1988 (305 Or 672)

## NORTHWEST FARM BUREAU INSURANCE COMPANY,
*Respondent,*

*v.*

## ALTHAUSER et ux,
*Appellants.*

(85-3-336; CA A42835)

750 P2d 1166

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellants.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Douglas G. Houser, Lori R. Metz and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## JOSEPH, C. J.

This is a foreclosure action. Northwest Farm Bureau Insurance (plaintiff) issued the Althausers (defendants)[1] a homeowners' insurance contract which included fire insurance coverage and mortgagee protection. After a fire, plaintiff paid the mortgagees. Plaintiff claims that it is subrogated to the mortgagees' rights, because its contract with defendants was made void by defendants' material misrepresentations concerning the fire loss. The trial court entered a summary judgment of foreclosure, and defendants appeal. We affirm.

Defendants owned a house which was subject to two mortgages. Plaintiff's policy provided that any fire loss would be payable to mortgagees named in the policy to the extent of their interests. The policy also provided that the mortgagee's interest was protected even if the mortgagor breached the policy.[2] In 1981, a fire severely damaged the house. In accordance with the policy, plaintiff paid the first mortgagee the full value of its mortgage, and the mortgagee assigned the mortgage to plaintiff. The remainder of the structural damage insurance proceeds was paid to the second mortgagee.[3]

---

[1] Of the original defendants, only the Althausers contested the foreclosure and only they appeal. Defendant Pacific Western Bank, which held the second mortgage, defaulted, and the amended judgment foreclosed any interest which it might have had in the property.

[2] The policy provides, in part:

"14. MORTGAGEE. Loss shall be payable to mortgagees named in the coverage summary to the extent of their interest and in the order of precedence.

"We will:

"a. Protect the mortgagee's interest in insured property in the case of breach of warranty, increase in hazard, change of ownership, or foreclosure if the mortgagee has no knowledge of these conditions * * *.

"* * * * *

"The mortgagee will:

"* * * * *

"d. Give us the right of recovery against any party liable for loss * * *.

"e. After a loss, permit us to satisfy the mortgage requirements and receive full transfer of the mortgage."

*See* ORS 743.639(2).

[3] After the first mortgage was paid, only approximately $31,000 in structural damage insurance remained, but $35,000 remained due on the second mortgage. As a result, that mortgagee was not paid all that it was owed and, therefore, did not assign its interest in the second mortgage to plaintiff. It, instead, issued plaintiff a "special loan receipt" acknowledging the payment. As a result, plaintiff's judgment in respect to the second mortgage is only approximately $31,000.

The insurance policy also provided coverage for personal property. Before the present action was filed, defendants sued plaintiff to recover their personal property losses. Plaintiff denied liability on two grounds: arson and material misrepresentation. The jury found that defendants did not commit arson but that they did "breach the insurance contract by knowingly misrepresenting or concealing a material fact relating to [the loss claim]." Judgment was entered for plaintiff.

Plaintiff then filed this action, asserting, *inter alia,* that it is equitably subrogated to both mortgages[4] and seeking to foreclose both, because defendants had not made any mortgage payments since the fire.

■ "Subrogation is the substitution of another person in place of the creditor to whose rights he succeeds in relation to the debt, and gives to the substitute all of the rights [and remedies] of the party for whom he is substituted." *United States F. & G. Co. v. Bramwell,* 108 Or 261, 277, 217 P 332 (1923); *see Maine Bonding v. Centennial Ins. Co.,* 298 Or 514, 693 P2d 1296 (1985). Subrogation extends to "every instance in which one party is required to pay a debt for which another is primarily answerable." *United States F. & G. Co. v. Bramwell, supra,* 108 Or at 277. The purpose of subrogation is to impose the financial consequences of a loss on the party "primarily responsible" for the loss. *Maine Bonding v. Centennial Ins. Co., supra,* 298 Or at 521 n 4.

Before the fire, defendants were "primarily responsible" for the mortgage debts. The insurance contract required that, after the fire, plaintiff pay the mortgagees, and it did so. If defendants remained primarily responsible for the mortgage debts after the fire, plaintiff is subrogated to the rights of the mortgagees, because it paid debts for which defendants were primarily responsible.

■ ■ Defendants contend, essentially, that the fire made plaintiff primarily responsible for the debt, because the insurance contract required it to pay in the event of fire. Defendants argue that, if they were still responsible for the debt after the fire, they will have paid for fire insurance but will not

---

[4] Plaintiff is not equitably subrogated to the entire second mortgage, but only to the amount that it paid the second mortgagee. *See* n 3, *supra.*

have benefitted from it. They are not entitled to the benefits of the insurance, because they made material misrepresentations in connection with the policy. By statute, a fire insurance policy must contain a provision voiding the policy if there have been material misrepresentations by the insureds. ORS 743.612. The jury in the previous case brought by defendants determined that they had made material misrepresentations. The effect of that was to void the entire policy as between plaintiff and defendants. ORS 743.612. The mortgagees' interest was protected, even though defendants' conduct had voided the policy as to themselves. *See* n 2, *supra; see also Scott v. Northwestern Agencies,* 75 Or App 187, 192, 706 P2d 195 (1985).

Because the misrepresentations voided the policy, plaintiff's payments to the mortgagees did not, as defendants contend, satisfy defendants' obligation on the mortgages. Rather, the payments satisfied a separate and distinct duty that plaintiff owed the mortgagees under the insurance contract. *See Scott v. Northwestern Agencies, supra,* 75 Or App at 192.

> "[W]here one has been compelled to pay a debt which ought to have been paid by another, he is entitled to exercise all of the remedies which the creditor possesses against that other * * *." *United States F. & G. Co. v. Bramwell, supra,* 108 Or at 277.

Defendants "ought to have" paid the mortgage debts, even after the fire, because their insurance was void.[5] Because plaintiff was compelled to pay the debt by its separate duty to the mortgagees, it is entitled to the mortgagees' remedies.[6]

Affirmed.

---

[5] The cases relied on by defendants, principally *Milwaukee Mechanics' Ins. Co. v. Ramsey,* 76 Or 570, 149 P 542 (1915), are inapposite. In *Milwaukee Mechanics',* the insurer did not insure the debt, and there was no express subrogation clause. *See Scott v. Northwestern Agencies, supra,* 75 Or App at 192 n 4. Here, plaintiff had insured the mortgagees' interests, and the policy contained a subrogation clause. Defendants also rely on *Palisano v. Bankers & Shippers Ins. Co.,* 95 NYS2d 543, 276 App Div 523 (1950), where the insurer was held liable to the insureds under the policy. Here, in the previous case brought by defendants, plaintiff was found not to be liable.

[6] Because plaintiff is equitably subrogated to the mortgagees' interests, we need not address plaintiff's other arguments. Defendants' other arguments lack merit.